# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RUDOLPH M. TOUSSAINT, | : | No. 3:19cv425 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SETERUS, INC. and | : | |
| SERVICE LINK FIELD SERVICES, LLC, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is the motion to remand to state court filed by Defendant Service Link Field Services, LLC (hereinafter "Service Link"). For the reasons which follow, we will deny the motion, but order Defendant Seterus to clarify the citizenship of Defendant Service Link.

## Background

The amended complaint, which stands as the operative pleading in this matter, indicates that plaintiff had a home mortgage through Defendant Seterus, Inc. and that Defendant Service Link provided the loan servicing. Plaintiff evidently fell behind in his payments on the mortgage, although he claims to have been "making timely Trial Modification payments". (Doc. 6, Am. Compl. ¶ 8).

Plaintiff's amended complaint asserts that on February 7, 2017, he entered his home to find that it had been burglarized and vandalized. (Doc. 6, Am. Compl. ¶ 4). The Pennsylvania State Police investigated the incident. (Id.) Plaintiff alleges that the burglary caused $63,305.00 in damages as to stolen items and $14,000.00 as to damaged items. (Id. ¶ 5). The grand total of the damages is $77,305.00. (Id.)

Plaintiff alleges that it was the defendants who took and/or damaged the property. The defendants evidently perceived the home as unoccupied and Defendant Service Link, who deemed plaintiff to be in default on the mortgage, changed the lock on the house and proceeded to otherwise secure and winterize the home. (Id. ¶¶ 6-8). Defendants took action without the knowledge or consent of the plaintiff who claims the building was in fact occupied. (Id. ¶ 89). Based upon these facts, plaintiff filed a complaint alleging causes of action for negligence against both defendants and conversion against Defendant Service Link.

Plaintiff filed the original complaint in the Monroe County Court of Common Pleas. (Doc. 1, Notice of Removal ¶ 1). Defendant Seterus removed the action to this court on March 11, 2019 on the basis of diversity jurisdiction. (Id.) Plaintiff then filed an Amended Complaint on March 30, 2019. (Doc. 6). The defendants

answered the complaint and the court held a case management conference on May 30, 2019. (Doc. 17, Sched. Ord.).

On November 14, 2019, Defendant Service Link filed a motion to remand the case to state court. Defendant Seterus and the plaintiff each filed replies to the motion to remand. (Docs. 23 & 24). Defendant Seterus has filed a brief in opposition to the motion for remand, and Defendant Service Link filed a reply to that brief, bringing the case to its present posture.

**Discussion**

Federal courts, being courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) cert. denied sub nom Upp v. Mellon Bank, N.A., 510 U.S. 964 (1993). Generally, a defendant can remove a civil action originally filed in state court if the federal court would have had original jurisdiction to address the matter. 28 U.S.C. § 1441. Once a case is removed, the federal court may remand if the court determines that it lacks federal subject matter jurisdiction. 28 U.S.C. § 1447(c).[1] Removal statutes are to

---

[1] In pertinent part, 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

3

be strictly construed against removal, and all doubts should be resolved in favor of remand.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

The burden of establishing jurisdiction in the removal situation rests with the removing defendant.  Kaufman v. Allstate N.J., Ins. Co., 561 F.3d 144, 151 (3d Cir. 2009) ("We require the party seeking to remove to federal court to demonstrate federal jurisdiction.").  In the notice of removal, the defendant indicates that this court has diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. 1, Notice of Removal).  Pursuant to this statutory section, jurisdiction is proper in federal district court where the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000.00.  28 U.S.C. § 1332(a).

Defendant Service Link seeks remand of this case for several reasons which we can break down into the following three categories:  1) Defendant Seterus failed to file a timely brief in opposition to remand; 2) Defendant Seterus did not properly establish that it obtained Defendant Service Link's consent to remove this case; and 3) Seterus failed to establish that this court has jurisdiction.  We will address these issues separately.

**Discussion**

As noted above, the moving Defendant Service Link raises three arguments.[2] We will address them all in turn.

**I. Late Opposition Brief**

Defendant Service Link argues that we should grant its motion as unopposed because Defendant Seterus filed its opposition brief approximately ten days late. Defendant Service Link argues that the late filing of the brief indicates Defendant Seterus's consent to remand pursuant to Local Rule of Court 7.6. We disagree. The brief being ten days late does not indicate consent to the motion, and Defendant Seterus does in fact contest the motion. We will thus use our discretion and excuse the late filing of the brief.

**II. Proper Consent For Removal**

The next issue is whether Defendant Seterus obtained proper consent to remove the case from the other defendant. The law provides that to remove a case, the removing party must obtain the consent of all properly served defendants. 28 U.S.C. § 1446(b)(2)(A). In the instant case, the notice of

---

[2] Defendant Service Link raises a fourth argument. The argument is that the motion to remand should be granted because the plaintiff consents to the remand. We are examining here, however, a defendant's right to remove a case and the plaintiff's consent to remand is of no moment.

removal indicates that "[c]onsent to removal by Defendant Service Link has been obtained from counsel for Service Link." (Doc. 1, Notice of Removal ¶ 14).

Despite this assertion in the notice of removal, Defendant Service Link complains that Defendant Seterus failed to properly establish that it (Service Link) consented to the removal. According to Service Link, such consent must be established in one of two ways. The defendant at issue must either unambiguously join in the notice of removal or file a separate written consent to removal with the court. We will not address the underlying merit of this issue as we will deny it on procedural grounds.

The law provides that a motion to remand based upon a defect in the removal procedure, other than lack of subject matter jurisdiction, must be made within thirty (30) days after the filing of the notice of removal. 28 U.S.C. § 1447(c). Here, Defendant Seterus filed the notice of removal on March 11, 2019. Defendant Service Link filed the motion to remand approximately 248 days later on November 14, 2019. Service Link cannot raise procedural defects in the notice of removal, such as inadequate consent of all defendants, as a reason to remand because such a claim is untimely. Therefore, we will not remand based upon this ground. The issue of subject matter jurisdiction, however, can be raised at any time before final judgment, 28 U.S.C. § 1447(c). Thus, we will address the issue of whether jurisdiction exists below.

**III. Diversity Jurisdiction**

The last issue raised by Defendant Service Link involves whether Defendant Seterus has established that this court has jurisdiction over this case. The notice of removal indicates that we have diversity jurisdiction. (Doc. 1, Notice of Removal ¶ 10). For this court to have diversity jurisdiction, all of the defendants must have citizenship which is diverse from all of the plaintiffs. Exxon Mobil Corp. v. Allapattah Svcs. Inc., 545 U.S. 546, 553 (2005).

As noted, the citizenship of Defendant Service Link is at issue.[3] The notice of removal indicates that Defendant Service Link is a corporation. A corporation is a citizen both of the state where its principal place of business is located and where it is incorporated. 28 U.S.C. § 1332(c)(1). It appears that Defendant Seterus is a citizen of Delaware and Oregon. (Doc. 1, Notice of Removal ¶ ¶ 2 - 3). According to the notice of removal, Defendant Service Link is a corporation with a principal place of business located in Ohio. (Id. ¶ 4).[4] The removing defendant, however, has not indicated where Defendant Service Link is incorporated. Therefore, we cannot determine its citizenship. Defendant Seterus acknowledges that their assertions in the notice of removal may not be complete

---

[4] The caption of the complaint, however lists Defendant Service Link as a Limited Liability Company("LLC"). Citizenship of an LLC is based upon the citizenship of its members. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

as to the citizenship of Service Link.  Instead of dismissal of the case, however, Seterus seeks additional time to engage in discovery, for example the deposition of Defendant Service Link's representative, so as to clear up these jurisdictional issues.[5]  We will grant Defendant Seterus's request.

Additionally, the Amended Complaint and the notice of removal both assert that the plaintiff, a natural person, "resides" in Pennsylvania.[6]  The notice of removal concludes that because the plaintiff resides in Pennsylvania then he is a "citizen" of Pennsylvania under the law.  We disagree.

The term "citizenship" is not synonymous with the term "resident."  For natural persons such as the plaintiff, "[c]itizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" McCann v. Newman Irrevocable Trust, 548 F.3d 281, 286

---

[5] Defendant Seterus has submitted exhibits which indicate that in prior proceedings Defendant Service Link has indicated various states of citizenship. In one case, it alleged that it is a citizen of Delaware, Pennsylvania, New York, Massachusetts, Wyoming, Wisconsin, and New Hampshire.  (Doc. 26-2, Def. Seterus Ex. B).  In another case, Defendant Service Link has indicated that it is a citizen of Delaware, Florida, Massachusetts, and New York, on the basis that it is an LLC with several corporate members.   (Doc. 26-3, Def. Seterus Ex. C). Notably, Defendant Service Link complains that Defendant Seterus has not properly alleged its (Service Link's) citizenship; however, Defendant Service Link does not reveal what state(s) it is a citizen of.

[6] The complaint alleges that plaintiff is currently "residing" at 151 Pinewood Drive North, E. Stroudsburg, Monroe County, Pennsylvania.  (Doc. 6,  Am. Compl. ¶ 1).

8

(3d Cir. 2006) (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973)); see also Bell v. Pleasantville Hous. Auth., 443 F. App'x 731, 734 (3d Cir. 2011) (finding that the plaintiff's physical presence at the address of residence is "but only one factor" a court would examine to determine the plaintiff's place of domicile); see also Pa. House, Inc. v. Barrett, 760 F. S upp. 439, 449 (M.D. Pa. 1991) ("Although a party's residence is prima facie evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity: two elements are necessary to establish domicile, residency coupled with an intent to continue to remain at that location."). In the instant case, to properly allege diversity jurisdiction, Defendant Seterus must allege the plaintiff's state of citizenship, not merely the place of his current residence.

**Conclusion**

We cannot determine from the record whether we have jurisdiction in the instant matter. Rather than dismissing the case, however, we will allow the defendant who removed the case to establish the citizenship of Defendant Service Link and the plaintiff. We will enter an order directing the defendant to file a status update within thirty (30) days which properly sets forth the citizenship of each party. Absent such an amended Notice of Removal, we shall remand the case for lack of jurisdiction. The parties will be directed to cooperate with

Seterus in obtaining the information it needs to determine their states of citizenship. An appropriate order follows.

**BY THE COURT:**

**Date: Dec. 30, 2019**

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**